# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| CENTURY SERVICES LP, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:09cv117 DCB-JMR |
| | ) |
| TUG KRISTIN LEE HANNAH | ) |
| (Ex DAVID E), | )   IN REM |
| | ) |
|    Defendant. | ) |
| | ) |
| | ) |

## DEFAULT JUDGMENT IN REM
## AGAINST M/V KRISTEN LEE HANNAH

This matter is before the Court on the *Ex Parte* Application for Entry of Default Judgment by Plaintiff Century Services LP ("Century" or "Plaintiff") against the defendant vessel M/V KRISTEN LEE HANNAH (Official No. 266363), her engines, boilers, tackle, machinery, equipment and appurtenances, etc. (the "Vessel").

Based upon the pleadings and papers on file herein, it appears that (1) Century filed its Verified Complaint in this action on or about July 22, 2009, to foreclose a certain preferred fleet mortgage that it holds against the Vessel; (2) the Court entered an Order on July 23, 2009, pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims (the "Supplemental Rules") of the Federal Rules of Civil Procedure authorizing the Clerk of the Court to issue a Warrant for the Arrest of the Vessel; (3) the Clerk of the Court issued a Warrant for the Arrest of the Vessel on August 14, 2009; (4) the Untied States Marshal executed the warrant and arrested the Vessel on August 14, 2009; (5) the Vessel was not released from arrest within 10

days of its arrest; (6) Plaintiff caused public notice of the arrest to be published in the *Clarion-Ledger* on November 2, 4, 6, 10, 11 and 12, 2009, in accordance with the requirements set forth in 46 U.S.C. § 31325(d)(1), Plaintiff caused notices of this action to be sent to the registered owners of the defendant vessels all lien holders of record, although the notices sent to the registered owners were "refused" by the recipients thereof and returned to counsel for Plaintiff by the United States Postal Service; and (8) no one has filed a statement of interest in the Vessel and no answer or appearance has been filed for or on behalf of the Vessel through the date hereof.

Upon the reading of the Verified Complaint, the accompanying Declaration of Joseph Seigo dated November 20, 2009, and all prior pleadings and proceedings herein, and all exhibits thereto, and for good cause shown:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

The application of Plaintiff for Entry of Default against the Vessel *in rem*, is hereby granted and judgment is entered as follows:

A.  Pursuant to an assignment made by National City Bank ("NCB"), as assignor, to Plaintiff, as assignee, on or about April 7, 2009 (the "Assignment'), Plaintiff is the holder of a First Preferred Fleet Mortgage (as amended, the "Mortgage") granted by Hannah Maritime Corporation ("HMC") against the Vessel, *in rem*;

B.  The Mortgage satisfied all of the requirements of the Ship Mortgage Act, as amended, 46 U.S. C. Chapter 313 (the "Act"), necessary for the Mortgage to constitute a "preferred mortgage lien" on the Vessel within the meaning of the Act, and is entitled to the benefits and priority provided for therein.

2

JM SWB 806581 v12914608-000001
11/30/2009

C. The Mortgage secures all indebtedness and direct and contingent obligations of (1) HMC arising under (a) a loan agreement dated May 5, 2006, entered into between NCB, as lender, and HMC, as borrower (as amended, the "Loan Agreement"), (b) certain promissory notes executed and delivered by HMC to NCB pursuant to the Loan Agreement (collectively, the "Notes"), and (c) a guaranty dated September 22, 2008, executed and delivered by HMC to NCB (the "DCH Guaranty") to secure certain loans made by NCB to Donald C. Hannah ("DCH"), as evidenced by a loan agreement dated May 5, 2006 between NCB, as lender, and DCH, as borrower (as amended, the "DCH Loan Agreement"), and (d) a certain promissory note executed and delivered by DCH pursuant to the DCH Loan Agreement (the "DCH Note") and, together with the Loan Agreement, Notes and DCH Loan Agreement, the "Loan Documents"), all of which were assigned to Plaintiff, and (2) DCH arising under the DCH Loan Agreement and DCH Note, up to the total amount of $24,614,583.33;

D. HMC defaulted under the Loan Agreement and Notes by failing to make payments of principal and interest when and as due;

E. DCH defaulted under the DCH Loan Agreement and DCH Notes by failing to make payments of principal and interest when and as due, which default triggered HMC's payment obligations under and pursuant to the terms of the DCH Guaranty;

F. HMC defaulted under the DCH Guaranty by failing to cure the defaults of DCH under the DCH Loan Agreement and DCH Note and failing to make payments to Plaintiff in accordance with the terms thereof;

G. The defaults of HMC and DCH under the Loan Documents and the default of HMC under the DCH Guaranty constituted an "Event of Default" under the Mortgage;

3

JM SWB 806581 v12914608-000001
11/30/2009

C. The Mortgage secures all indebtedness and direct and contingent obligations of (1) HMC arising under (a) a loan agreement dated May 5, 2006, entered into between NCB, as lender, and HMC, as borrower (as amended, the "Loan Agreement"), (b) certain promissory notes executed and delivered by HMC to NCB pursuant to the Loan Agreement (collectively, the "Notes"), and (c) a guaranty dated September 22, 2008, executed and delivered by HMC to NCB (the "DCH Guaranty") to secure certain loans made by NCB to Donald C. Hannah ("DCH"), as evidenced by a loan agreement dated May 5, 2006 between NCB, as lender, and DCH, as borrower (as amended, the "DCH Loan Agreement"), and (d) a certain promissory note executed and delivered by DCH pursuant to the DCH Loan Agreement (the "DCH Note") and, together with the Loan Agreement, Notes and DCH Loan Agreement, the "Loan Documents"), all of which were assigned to Plaintiff, and (2) DCH arising under the DCH Loan Agreement and DCH Note, up to the total amount of $24,614,583.33;

D. HMC defaulted under the Loan Agreement and Notes by failing to make payments of principal and interest when and as due;

E. DCH defaulted under the DCH Loan Agreement and DCH Notes by failing to make payments of principal and interest when and as due, which default triggered HMC's payment obligations under and pursuant to the terms of the DCH Guaranty;

F. HMC defaulted under the DCH Guaranty by failing to cure the defaults of DCH under the DCH Loan Agreement and DCH Note and failing to make payments to Plaintiff in accordance with the terms thereof;

G. The defaults of HMC and DCH under the Loan Documents and the default of HMC under the DCH Guaranty constituted an "Event of Default" under the Mortgage;

H. The Mortgage is senior, prior and superior to any and all other interests, liens, or claims of whatsoever nature in or against the Vessel except for approved *custodial egis* expenses and preferred maritime liens recognized by the Court in this action;

I. The following amounts are due and owing to Plaintiff under the Mortgage and the Guarantees and Loan Documents secured thereby: principal in the amount of $16,099,310.35 plus $854,557.64 in accrued interest as of November 1, 2009;

J. Interest continues to accrue on the Principal at the rate of $4,079.96 per day;

K. The Mortgage is hereby foreclosed against the Vessel, and Plaintiff is granted judgment, *in rem*, against the Vessel in the amount of $17,076,266.79; and

L. Plaintiff is further entitled to interest on the sum of judgment entered herein from the date of entry until paid at the rate of 9.25% per annum as provided under the Loan Documents secured by the Mortgage.

THIS the 11th day of January, 2010.

s/David Bramlette
UNITED STATES DISTRICT JUDGE

JM SWB 806581 v12914608-000001
11/30/2009