IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CENTURY SERVICES LP                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 5:09-cv-117(DCB)(JMR)

TUG KRISTIN LEE HANNAH
(Ex DAVID E)                                                    DEFENDANT
IN REM

## DECREE ORDERING SALE OF VESSEL

The Marshal having returned on the process issued in the above styled cause that he attached on the 23rd day of August, 2009, the M/V KRISTIN LEE HANNAH (Ex David E), her engines, tackles, machinery, and all other necessaries thereunto appertaining and belonging to said vessel, and the United States Marshal having filed proof of notice publication of arrest in the Clarion Ledger on November 2, 4, 6, 10, 11 and 12, 2009, and the owner of the vessel having failed to seek the vessel's release, and it appearing that said vessel is liable to deterioration, decay or injury by being further detained in custody pending this action, and that the expense of keeping said vessel is excessive or disproportionate to its fair market value;

THEREFORE, on the Motion for Century Services, LP, for Interlocutory Sale of Vessel Pursuant to Rule E(9) **(docket entry 30)**, The Court finds that the motion is well taken and grants the motion on the following conditions:

1.   That the said vessel M/V KRISTIN LEE HANNAH (Ex DAVID E),

her hull, rigging, tackle, apparel, equipment, furniture, engines and all other appurtenances, appertaining and belonging to said vessel be condemned and sold pursuant to Rule E(9) of the Supplemental Rules for Admiralty or Maritime Claims at public sale free from all mortgages, liens and other encumbrances to answer the prayers of the complaint herein, with the sale of such vessel to be held herein;

2. That the M/V KRISTIN LEE HANNAH (Ex DAVID E), is presently in the possession of a substitute custodian duly appointed.

3. That <u>venditioni exponas</u> issue accordingly, and that the sale take place in front of the entrance to the United States District Courthouse on 118 South Wall Street in the city of Natchez, Adams County, State of Mississippi on the 19th day of February, 2010, at 12:00 noon, local time, after advertising notices of the sale are published three times a week for two consecutive weeks in the Clarion Ledger, a newspaper published in the territorial jurisdiction of this Court;

4. The plaintiff is authorized by this Court to effect such other advertising covering a more extensive area as can be reasonably secured by reasonable costs, and that the extensive advertisement will be taxed as costs herein; and

5. That the U.S. Marshal conducting the above sale shall following the terms of the sale: the successful and highest bidder

at such sale shall immediately upon conclusions of the sale deposit in cash, a cashier's check, or certified check, the sum of ten (10%) percent of the bid price; and the successful bidder shall deposit with the U. S. Marshal the balance of the proceeds of sale within twenty-four (24) hours subsequent to confirmation of the sale of said vessel.  Upon the failure of the successful bidder to deposit the balance of the proceeds of sale within twenty-four (24) hours subsequent to confirmation of the sale of said vessel, the cash deposit will be forfeited.

6. All prospective bidders other than the Mortgagee shall be obligated to establish financial responsibility prior to the sale by displaying to the United States Marshal evidence of financial ability to pay the down payment required.

7. It is ordered that if the Mortgagee is the successful bidder, based upon its credit bid, the mortgagee shall be liable for the payment of such administrative and *custodia legis* expenses approved by the court.  In addition, the Mortgagee shall be allowed to credit bid at the sale up to the value of its claim only on the condition that it shall be obligated to pay any claims senior in priority to its mortgage, including preferred maritime liens recognized by the Court in this action.  The mortgagee may file a motion for summary judgment seeking recognition of its lien as a valid preferred ship mortgage and for a ranking of liens after the deadline for intervention of all potential claimants has passed.

Accordingly,

IT IS HEREBY ORDERED that the Motion for Century Services, LP, for Interlocutory Sale of Vessel Pursuant to Rule E(9) **(docket entry 30)** is GRANTED subject to the foregoing conditions.

SO ORDERED, this the 27th day of January, 2010.

                                              /s/ David Bramlette
                                              UNITED STATES DISTRICT JUDGE