IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| CENTURY SERVICES, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. 5:09cv117 DCB-JMR |
| v. | ) | |
| | ) | |
| TUG KRISTIN LEE HANNAH | ) | |
| (Ex DAVID E), | ) | IN REM |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| | ) | |

## **ORDER**

THIS CAUSE comes before the Court on the motion of Plaintiff, Century Services, LP to modify the Court's Decree Ordering Sale of Vessel (docket entry 39).

After due consideration of the record and being otherwise fully advised in the premises, the Court finds that the motion should be granted in part and denied in part. It is therefore,

ORDERED AND ADJUDGED that requirements imposed by Uniform Local Rule A.1(I)(6) are suspended. FURTHER, it is

ORDERED AND ADJUDGED that Plaintiff shall place a notice three times a week for two consecutive weeks in the Clarion Ledger, a newspaper published in the territorial jurisdiction of this Court, providing notice to all parties who claim to have a right or interest against the Tug KRISTIN LEE HANNAH (ex DAVID E) that they must file an intervention identifying their right or interest in the Tug KRISTIN LEE HANNAH (Ex DAVID) in this proceeding by May 20, 2010. Further it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Interlocutory Sale of the Vessel (docket entry 30) shall be granted with the following conditions:

1. That the said vessel M/V KRISTIN LEE HANNAH (Ex DAVID E), her hull, rigging, tackle, apparel, equipment, furniture, engines and all other appurtenances, appertaining and belonging to said vessel be condemned and sold pursuant to Rule E(9) of the Supplemental Rules of Admiralty or Maritime Claims at public sale free from all mortgages, liens and other encumbrances to answer the prayers of the complaint herein, with the sale of such vessel to be held herein;

2. That the M/V KRISTIN LEE HANNAH (Ex DAVID E), is presently in the possession of a substitute custodian duly appointed;

3. That <u>venditioni exponas</u> issue accordingly, and that the sale take place in front of the entrance of the United States District Courthouse on 109 South Pearl Street in the city of Natchez, Adams County, State of Mississippi on the 21st day of May, 2010, at 12:00 noon, local time, after advertising notices of the sale are published three times a week for two consecutive weeks in the Clarion Ledger, a newspaper published in the territorial jurisdiction of the Court;

4. The Plaintiff is authorized by this Court to effect such other advertising covering a more extensive area as can be reasonably secured by reasonable costs, and that the extensive advertisement will be taxed as costs herein;

5. That the U.S. Marshal shall conduct the above sale on the following terms: the successful and highest bidder at such sale shall immediately upon conclusion of the sale deposit in cash, a cashier's check, or certified check, the sum of ten percent (10%) of the bid price; and the successful bidder shall deposit with the U.S. Marshal the balance of the proceeds of sale within twenty-four (24) hours subsequent to confirmation of the sale of said vessel. Upon the failure of the

successful bidder to deposit the balance of the proceeds of sale within twenty-four (24) hours subsequent to confirmation of the sale of said vessel, the cash deposit will be forfeited;

6. All prospective bidders other than the Plaintiff shall be obligated to establish financial responsibility prior to the sale by displaying to the U.S. Marshal evidence of financial ability to pay the down payment required; and

7. It is ordered that if the Plaintiff is the successful bidder, based upon its credit bid, the Plaintiff shall be liable for the payment of such administrative and *custodia legis* expenses approved by the Court. In addition, the Plaintiff shall be allowed to credit bid at the sale up to the value of its claim on the condition that is shall be obligated to pay any claims senior in priority to its mortgage, provided that those claims are filed by the deadline of May 20, 2010 and recognized by the Court in this action following adjudication on the Plaintiff's motion for summary judgment seeking recognition of its lien as a valid preferred ship mortgage and for a ranking of liens.

FURTHER ORDERED that the plaintiff's Motion for Modification of Court Order **(docket entry 39)** is GRANTED IN PART AND DENIED IN PART as set forth hereinabove;

FURTHER ORDERED that the plaintiff's Motion for Expedited Consideration **(docket entry 38)** is MOOT.

SO ORDERED, this the 22nd day of April, 2010.

/s/ David Bramlette  
UNITED STATES DISTRICT JUDGE